## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| IN RE: SETTOON CONSTRUCTION, INC., AS OWNER OF THE M/V AMBRE LYNN SETTOON AND THE BARGE MIDNIGHT GATOR PRAY FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NUMBER<br><br>SECTION |

## COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY

**NOW COMES**, Settoon Construction, Inc. ("Settoon"), the M/V AMBRE LYNN SETTOON, and the barge MIDNIGHT GATOR, *in rem*, (collectively hereinafter sometimes referred to as "Complainants"), in a cause of exoneration from and/or limitation of liability, pursuant to 46 U.S.C. § 30505, *et seq.*, who allege as follows:

I.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is pursuant to the admiralty and maritime jurisdiction of the United States District Courts, 28 U.S.C. § 1333.

II.

Venue is proper in the United States District Court for the Western District of Louisiana pursuant to the Federal Rules of Civil Procedure, Supplemental Rule F(9), as the jurisdiction in which Settoon Construction, Inc. was sued for the incident described herein.

III.

Complainant, Settoon Construction, Inc., is a corporation organized and existing pursuant to the laws of the State of Louisiana, with its principal place of business located in Pierre Part, Louisiana.

IV.

Settoon Construction, Inc. was, at all times pertinent to this litigation, the owner and operator of the vessel M/V AMBRE LYNN SETTOON and the barge MIDNIGHT GATOR.

V.

M/V AMBRE LYNN SETTOON (Official No. 1170495) is a towing vessel.  At all times pertinent, the M/V AMBRE LYNN SETTOON was tight, staunch, strong, properly equipped, properly manned, and was, in all respects, seaworthy and fit for the service in which she was engaged.

VI.

The barge MIDNIGHT GATOR (Official No. 1131254) is a construction barge. At all times pertinent, the barge MIDNIGHT GATOR was tight, staunch, strong, properly equipped, properly manned, and was, in all respects, seaworthy and fit for the service in which she was engaged.

VII.

On December 1, 2023, Paul Rico, an employee of Settoon Construction, Inc. and member of the crew of the M/V AMBRE LYNN SETTOON, allegedly suffered injuries to his right arm and other parts of his body when attempting to loosen a hex head bolt on the barge MIDNIGHT GATOR.

VIII.

The aforesaid December 1, 2023 incident was not caused, either in whole or in part, by any fault, negligence, or lack of due care on the part of Complainants or any unseaworthy condition of the M/V AMBRE LYNN SETTOON or the barge MIDNIGHT GATOR.  Complainants reserve the right to amend and/or supplement this paragraph of their Complaint to specify the fault and

negligence of any other party when the facts surrounding the incident become more fully discovered, and to prove those facts at the trial of this cause.

IX.

Upon information and belief, Paul Rico was employed by Settoon Construction, Inc., serving as a deckhand aboard the M/V AMBRE LYNN SETTOON, at the time of the alleged December 1, 2023 incident.

X.

The amount of the claims which may be asserted by Paul Rico may exceed the amount and value of Settoon Construction, Inc.'s interest in the M/V AMBRE LYNN SETTOON and the barge MIDNIGHT GATOR immediately after the December 1, 2023 incident.

XI.

Complainant, Settoon Construction, Inc., reasonably believes that the M/V AMBRE LYNN SETTOON and the barge MIDNIGHT GATOR, combined, had a fair market value ranging from approximately ONE MILLION ONE HUNDRED THOUSAND DOLLARS and NO/100 ($1,100,000.00) to ONE MILLION THREE HUNDRED THOUSAND DOLLARS and NO/100 ($1,300,000.00) at the time of and immediately following the incident, based on the Affidavit of J.P. Quackenbos, Jr. (attached hereto as "Exhibit 1").

XII.

The M/V AMBRE LYNN SETTOON and the barge MIDNIGHT GATOR, were working for Sulphur River Exploration at the time of the alleged incident. The total value of the pending freight for the vessel was $467,204.92.

XIII.

Complainants, Settoon Construction, Inc., M/V AMBRE LYNN SETTOON and the barge MIDNIGHT GATOR, aver that they are entitled to exoneration from liability for any and all losses, damages, and/or injuries occasioned by or resulting from the December 1, 2023 incident, or done, occasioned, or incurred on the subject voyage. Complainants aver that they have valid defenses to all such claims.

XIV.

In the alternative, and without admitting liability, Settoon Construction, Inc. avers it is entitled to the benefits of limitation of liability as provided in 46 U.S.C. § 30505, *et seq.*, and as provided by Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims contained in the Federal Rules of Civil Procedure, and all laws and jurisprudence, supplementary and amendatory thereof, and all other applicable law and jurisprudence.

XV.

Settoon Construction's first written notice of a claim that may exceed the value of Settoon Construction's interest in the value of the M/V AMBRE LYNN SETTOON and the barge MIDNIGHT GATOR was its receipt of correspondence on February 14, 2024, attaching a lawsuit filed by Paul Rico on February 6, 2024 in the 38th Civil District Court for the Parish of Cameron. A copy of the correspondence and Petition is attached as Exhibit "2." Six months have not yet lapsed since the receipt by Complainants of the first written notice of a claim concerning the alleged occurrence related to a vessel and the allegations asserted herein.

XVI.

Settoon Construction, Inc., the AMBRE LYNN SETTOON and the barge MIDNIGHT GATOR, and their insurers, file contemporaneously with this Complaint their *ad interim*

stipulation in the amount of ONE MILLION SEVEN HUNDRED SIXTY-SEVEN THOUSAND TWO HUNDRED FOUR DOLLARS and 92/100 ($1,767,204.92) as security for the amount of Settoon Construction, Inc.'s interest in the M/V AMBRE LYNN SETTOON and the barge MIDNIGHT GATOR, and the pending freight, together with interest at the rate of six percent (6%) per annum from the date of said stipulation and for costs; and, in addition thereto, Complainants and their Underwriter(s) are prepared to provide an additional stipulation for any amount in excess of the *ad interim* stipulation as may be ascertained and determined to be necessary under the orders of this Court, and as provided by the laws of the United States of America and the Federal Rules of Civil Procedure.

**WHEREFORE,** Complainants, Settoon Construction, Inc., the M/V AMBRE LYNN SETTOON and the barge MIDNIGHT GATOR, pray:

1. That this Court shall issue a notice to all persons, firms, or corporations asserting claims for any and all losses, damages, injuries, or destruction with respect to which Complainants seek exoneration from and/or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve on the attorney for Complainants a copy thereof, on or before the date determined by the Court and specified in the Notice;

2. That the Court shall issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind, against Complainants, its underwriters, the M/V AMBRE LYNN SETTOON and the barge MIDNIGHT GATOR, whether *in rem*, *in personam*, or by attachment of any of its property with respect to any claims for which Complainants seek limitation, including any claim arising out of or connected with any loss, damage, injuries or destruction resulting from the December 1, 2023 incident described in this Complaint;

3. That if any claimant who shall have filed a claim shall also file an exception controverting the value of the M/V AMBRE LYNN SETTOON and the barge MIDNIGHT GATOR as alleged herein, and this Court shall cause due appraisal to be had of the value of the said vessel following the incident and of the value of Settoon Construction, Inc.'s interest therein, and in which event this Court shall enter an Order for the filing of an amended *ad interim* stipulation for the aggregate value, as to be determined, of Settoon Construction, Inc.'s interest in the said vessel;

4. That this Court adjudge that Settoon Construction, Inc. and the M/V AMBRE LYNN SETTOON and the barge MIDNIGHT GATOR, are not liable to any extent whatsoever for any losses, damages, injuries or destruction or for any claims whatsoever made, occasioned or occurred as a result of the incident referred to in this Complaint for any amounts whatsoever;

5. Or, in the alternative, if the Court should adjudge that Complainants are liable in any amounts whatsoever, that said liability be limited to the value of Settoon Construction, Inc.'s interest in the M/V AMBRE LYNN SETTOON and the barge MIDNIGHT GATOR, of ONE MILLION SEVEN HUNDRED SIXTY-SEVEN THOUSAND TWO HUNDRED FOUR DOLLARS and 92/100 ($1,767,204.92) and may be divided pro rata among such claimants; and that a judgment be entered discharging Settoon Construction, Inc. and the M/V AMBRE LYNN SETTOON and the barge MIDNIGHT GATOR of and from any and all further liability and forever enjoining and prohibiting the filing and prosecution of any claims against Complainants and its property, in any way arising from or in consequence of the subject voyage, or in consequence of or connection with the matters and happenings referred to in this Complaint;

6. That Complainants have such other and further relief as justice and equity of the cause may require and permit.

> Respectfully submitted;
>
> STAINES, EPPLING & KENNEY
>
> */s/ Anthony J. Staines*
>
> _____
> **ANTHONY J. STAINES** (#12388)
> **COREY P. PARENTON** (#32918)
> **JEFFREY G. LAGARDE** (#31823)
> 3500 North Causeway Boulevard
> Suite 820
> Metairie, Louisiana 70002
> Telephone: (504) 838-0019
> Facsimile: (504) 838-0043
> Email:      tony@seklaw.com
>             corey@seklaw.com
>             jeff@seklaw.com
>
> *Counsel for Settoon Construction, Inc.*
> *and the M/V AMBRE LYNN SETTOON*
> *and the barge MIDNIGHT GATOR, in rem*