# CITATION

PAUL RICO            38TH JUDICIAL DISTRICT COURT

VS NO. __10-21052__        PARISH OF CAMERON

SETTOON CONSTRUCTION INC      STATE OF LOUISIANA

TO: SETTOON CONSTRUCTION INC, THROUGH ITS REGISTERED AGENT: C/O DAWN DIETRICK BONNECAZE, BIENVENUE BONNECAZE FOCO VIATOR & HOLLINGA, 4210 BLUEBONNET BLVD, BATON ROUGE LA 70809; OR WHEREVER ELSE THEY MAY BE FOUND

You are named as a defendant in the above captioned matter. Attached to this citation is a:

__X__ Certified Copy of Original Petition

_____ **Certified Copy of AMENDED PETITION**

_____ Discovery Request

You must either comply with the demand contained in the petition or make an appearance either by filing an answer or other pleadings in the Clerk of Courts Office, located at 119 Smith Circle, Cameron, LA., within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file their answer within **TWENTY-ONE (21) days** after service of citation upon them, except as otherwise provided by law.
    If the plaintiff files and serves a Discovery Request with the Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits or **fifteen (15) days** after service of the Amended Petition.
C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Petition or within **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

This citation was issued by the Clerk for the Court of the 38th Judicial District Court on this __6TH__ day of __FEBRUARY__, A.D. 20__24__.

*Debbie Savoie*
Deputy Clerk of Court

REQUESTED BY: DANIEL E SHEPPARD P1

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**SHERIFF'S RETURN - PERSONAL OR DOMICILIARY**

FEES_____ SERVED:_____ PERSONAL_____ DOMICILIARY_____

MILEAGES_____ SERVED TO:_____

TOTALS_____ REMARKS:_____

DATE SERVED:_____ _____
                                         DEPUTY SIGNATURE & BADGE NUMBER

38TH CIVIL DISTRICT COURT FOR THE PARISH OF CAMERON
STATE OF LOUISIANA

| | |
|---|---|
| Paul Rico | * |
| *Plaintiff,* | * |
| vs. | * Case No. 10-21052 |
| | * Division A |
| Settoon Construction, Inc. | * |
| *Defendant* | * |

[Stamp: Cameron / Susan Racca / DEBBIE SAVOIE / Suit#10-21052 / E-Filed on: 2/06/24 03:08 PM / Filed on: 2/06/24 03:33 PM / # of Pages:6]

*****************************************************************

### PLAINTIFF'S ORIGINAL PETITION FOR DAMAGES AND JURY DEMAND

Plaintiff Paul Rico ("Plaintiff") complains of Settoon Construction, Inc. ("Settoon") and would respectfully show the Court the following:

### I. JURISDICTION AND VENUE

Plaintiff sues Defendant under the Jones Act and general maritime law for injuries and damages sustained by Plaintiff while onboard the *M/V Ambre Lynn Settoon*.

This Court has jurisdiction under the Savings to Suitors clause as Plaintiff is a seaman under the Jones Act (46 U.S.C. § 688). *See* 28 U.S.C. § 1333. Further, Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which Plaintiff now sues.

Venue is proper in this Parish under Article 74 of the Louisiana Code of Civil Procedure as Plaintiff as the events or omissions giving rise to one or more of Plaintiff's claims occurred here.

This case is not removable to federal court as it is brought under the Jones Act, general maritime law, and the Savings to Suitors clause. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). Further, the Defendant is a resident of the state of Louisiana, also making removal improper.

### II. PARTIES

Plaintiff **Paul Rico** is an American Seaman and a resident of Louisiana.

Defendant **Settoon** is a foreign limited liability company licensed to do business in this state. Defendant Settoon may be served with process by service on its registered agent, c/o Dawn Dietrich Bonnecaze; Bienvenu, Bonnecaze, Foco, Viator & Holinga; 4210 Bluebonnet Blvd.; Baton Rouge, Louisiana; or wherever else they may be found.

### III. FACTS

This lawsuit is necessary as a result of personal injuries that Plaintiff sustained on or about December 1, 2023, aboard the *M/V Ambre Lynn Settoon* in the inland waters of Louisiana.[1] On or about this date, Plaintiff was employed by Defendant Settoon and was aboard the *M/V Ambre Lynn Settoon*, a vessel owned, operated, and/or managed by Defendant Settoon. While the vessel was deployed on navigable waters, and while Plaintiff, as a member of its crew, was contributing to and aiding such vessel to accomplish its mission, Plaintiff sustained serious injuries to his right elbow, shoulder, neck, back, and other body parts when he was instructed to climb down a ladder to repair a jet barge pump flooded with mud by releasing a hex head bolt with a manual pipe wrench. When attempting to remove the hex head bolt as ordered, Plaintiff's right arm and upper body made direct contact with the side of the vessel. In addition, as a direct and proximate result of the unseaworthiness, negligence, and gross negligence, Plaintiff has experienced and will continue to experience physical pain and suffering, mental pain, anguish and distress, loss of enjoyment of life, impairment, loss of earnings, and medical expenses.

### IV. CAUSES OF ACTION

A. JONES ACT

Plaintiff's damages were the proximate and direct result of the negligent and grossly negligent acts of Defendant in the planning and performance of the task at hand and in the operation and maintenance of the vessel, Plaintiff's working conditions and the supervision of and planning of the crew duties. Defendant is negligent and liable for such negligence (and gross negligence) for the following non-exclusive reasons:

    a.    failure to properly train their employees;

    b.    failure to provide emergency care and/or response;

    c.    failure to provide adequate safety equipment;

    d.    operating the vessel with an inadequate crew;

    e.    failure to provide safe work environment;

    f.    failure to protect crew members from unnecessary risks;

    g.    failure to provide adequate warning;

    h.    failure to safely navigate the vessels;

    i.    operating the vessels in an unsafe manner;

---

[1] On information and/or belief, the *M/V Ambre Lynn Settoon* was located on Collicon Lake at the time of the Incident.

j.  unsafe and/or lack of safe policies, procedures, and training;

k.  unsafe and/or inadequate supervision of the crew;

l.  violating their own safety rules, policies, and regulations;

m.  failure to provide crew members with proper equipment;

n.  failure to make adequate repairs to equipment;

o.  failure to provide a seaworthy vessel and crew;

p.  vicariously liable for their employee's negligence;

q.  failure to ensure the vessel was adequately maintained;

r.  violating applicable Coast Guard, OSHA, BSEE, MMS rules, and/or other applicable rules and regulations; and

s.  other acts deemed negligent and grossly negligent.

As a result of said occurrences, Plaintiff sustained severe injuries to his body, which resulted in physical pain, mental anguish, and other medical problems. Plaintiff has sustained severe pain, physical impairment, discomfort, mental anguish, and distress. In all reasonable probability, Plaintiff's physical pain, physical impairment and mental anguish will continue indefinitely. Plaintiff has also suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and will incur pharmaceutical and medical expenses in connection with his injuries. Plaintiff is entitled to recover for his injuries and damages under the Jones Act and general maritime law.

B. GENERAL MARITIME LAW, UNSEAWORTHINESS AND NEGLIGENCE

At all pertinent times, Defendant owned, controlled, operated, provisioned, and/or manned the *M/V Ambre Lynn Settoon*, the vessel Plaintiff was assigned.

Under the General Maritime Law, it was the duty of Defendant to furnish Plaintiff with a safe place to work and with safe gear, appurtenances, equipment, a properly manned vessel, competent supervisors and co-workers, and to conduct operations aboard the vessel in a safe and proper manner. In connection with Plaintiff's injuries and/or disabilities, Defendant was negligent in the operation, manning, and provisioning of the *M/V Ambre Lynn Settoon* and its operations on or about December 1, 2023.

Through the actions and/or inaction of Defendant the *M/V Ambre Lynn Settoon* where Plaintiff was assigned was unseaworthy on or about December 1, 2023.

The injuries, disabilities, and damages sustained by Plaintiff were also caused by the unseaworthy condition of the *M/V Ambre Lynn Settoon* that Plaintiff was assigned during his employment for Defendant and by the negligence of Defendant as set forth herein and in the manning, provision, control, training, equipping, and operation of the *M/V Ambre Lynn Settoon* and operation on or about December 1, 2023.

Further, pursuant to the general maritime law of the United States, Defendant Settoon owed Plaintiff an absolute and non-delegable duty to provide him with a vessel that was seaworthy in all respects. Defendant Settoon breached this duty to Plaintiff. A vessel that is operated, piloted, managed, maintained, and/or controlled by Defendant Settoon and is not adequately equipped for the mission at hand is unseaworthy as a matter of law. The *M/V Ambre Lynn Settoon* was also unseaworthy due to one or more of the following reasons:

a. The *M/V Ambre Lynn Settoon* was not reasonably fit for its intended purpose because it was not properly maintained and created a dangerous condition(s);

b. The *M/V Ambre Lynn Settoon* was not reasonably fit for its intended purpose because Defendant Settoon's crew were inadequately educated, trained and/or supervised and created a dangerous condition(s);

c. The *M/V Ambre Lynn Settoon* was not reasonably fit for its intended purpose because Defendant Settoon failed to follow sound management practices necessary to provide Plaintiff a safe working environment;

d. Prior to the Incident and Plaintiff sustaining injuries, Defendant Settoon failed to investigate and/or lookout for the hazards to Plaintiff and then take the necessary steps to eliminate the hazard(s), avoid the hazard(s), or warn Plaintiff of the danger of the hazard(s).

e. The unseaworthiness of the *M/V Ambre Lynn Settoon* occurred within the privity and knowledge of Defendant Settoon.

C. MAINTENANCE AND CURE

As an American seaman, Plaintiff is also entitled to maintenance and cure. As such, Plaintiff demands that Defendant make maintenance and cure payments at a reasonable rate and pay for Plaintiff's medical treatment. On information and/or belief, Defendant has willfully, wantonly, arbitrarily, and capriciously failed to live up to their maintenance and cure obligations, entitling Plaintiff to an award of punitive damages and attorneys' fees. Defendant and/or its agents

and/or insurers have not authorized and/or paid for medical care recommended to Plaintiff. As such, Plaintiff demands that Defendant pay maintenance payments at a reasonable rate and pay for Plaintiff's medical treatment. Plaintiff seeks punitive damages against Defendant for willfully, arbitrarily, capriciously, and improperly denying full maintenance and/or cure to Plaintiff.

## V. RESERVATION OF RIGHTS

Plaintiff reserves the right to prove the amount of damages at trial and to amend his Petition to add additional claims upon further discovery as his investigation continues.

## VI. DEFENDANT'S CLAIMED AFFIRMATIVE DEFENSES

Any affirmative defenses asserted by Defendant are factually and legally inapplicable and incorrect.

## VII. RES IPSA LOQUITUR

The doctrine of res ipsa loquitur applies in this case because the event is of a kind which does not ordinarily occur in the absence of negligence; other responsible causes are sufficiently eliminated by the evidence; and the negligence is with the scope of Defendants' duties.

## VIII. INCORPORATION

Every foregoing and subsequent statement and sentence is incorporated into every other. In other words, any headings or divisions should not be taken to mean facts and allegations from other sections or subsections are not included in a particular section or subsection.

## IX. JURY DEMAND

Plaintiff hereby requests a trial by jury on all claims.

## X. PRAYER

Plaintiff prays that this citation issue and be served upon Defendant in a form and manner prescribed by law, requiring that Defendant appear and answer, and that upon final hearing, that there be judgment entered herein as follows:

- Compensatory damages;
- Actual damages;
- Consequential damages;
- Past and future medical damages;
- Past and future maintenance and cure;
- Past and future loss of earnings and/or earning capacity;
- Past and future pain and suffering;
- Past and future mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Past and future loss of household services;
- Past and future loss of consortium;
- Past and future loss of enjoyment of life;
- Interest on damages (pre- and post-judgment);

- Court costs;
- Deposition costs;
- Exemplary and/or punitive damages for Defendants willful, arbitrary, unreasonable, and capricious failure to provide Plaintiff maintenance and/or cure;
- Attorneys' fees; and
- Other relief as the Court may deem just and proper.

Respectfully submitted,

MORROW & SHEPPARD LLP

*[signature]*

Daniel E. Sheppard
LA Bar Roll No. 38076
5151 San Felipe Street, Suite 100
Houston, Texas 77056
713-489-1206 (Telephone)
713-893-8370 (Facsimile)

COUNSEL FOR PLAINTIFF

PLEASE SERVE DEFENDANT AS FOLLOWS:

**Settoon Construction, Inc.** (through its registered agent):
c/o Dawn Dietrich Bonnecaze
Bienvenu, Bonnecaze, Foco, Viator & Holinga
4210 Bluebonnet Blvd.
Baton Rouge, Louisiana 70809; or wherever else they may be found.