**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

---

IN RE: SETTOON CONSTRUCTION, INC., AS OWNER OF THE M/V AMBRE LYNN SETTOON AND THE BARGE MIDNIGHT GATOR

CIVIL ACTION NO. 24-806

JUDGE ALEXANDER C. VAN HOOK

MAGISTRATE JUDGE LEBLANC

---

### SCHEDULING ORDER

The following case-specific deadlines and requirements are hereby set under Federal Rules of Civil Procedure 16(b) and 83(b).

| | |
|---|---|
| JURY TRIAL | April 19, 2027 at 9:00 A.M. in Lake Charles, Courtroom 2, before Judge Alexander C. Van Hook. |
| PRETRIAL CONFERENCE | March 24, 2027 at 3:30 P.M.  to be held by video conference before Judge Alexander C. Van Hook. All trial counsel must attend. |

---

DEADLINE

EVENT

August 26, 2026

1. **Joinder of Parties and Amendment of Pleadings.**

August 26, 2026

2. **Witness Lists.** Counsel for plaintiff must deliver its witness list, including name, address, and a brief statement of the expected testimony, to defense counsel. Within seven days, defense counsel must deliver its witness list, including the above information, to counsel for plaintiff. The witness lists must not be filed in the record.

1

| | | |
|---|---|---|
| August 26, 2026 | 3. | **Plaintiff's Expert Reports and Disclosures.** Counsel for plaintiff must deliver reports as required in Federal Rule of Civil Procedure 26(a)(2)(B). If an expert's opinion or its basis changes, counsel for plaintiff must notify all other counsel within seven days. |
| IMMEDIATELY UPON RECIEPT | 4. | **Records of Treating Healthcare Provider.** Counsel for plaintiff must deliver the records of their treating healthcare providers immediately upon receipt. |
| September 25, 2026 | 5. | **Defendant's Expert Reports and Disclosures.** Defense counsel must deliver reports as required in Federal Rule of Civil Procedure 26(a)(2)(B). If an expert's opinion or its basis changes, defense counsel must notify all other counsel within seven days. |
| October 26, 2026 | 6. | **Discovery and Related Motions.** Discovery must be completed by this date. To allow time for responses, the parties must serve written discovery more than thirty days before this deadline. Also, discovery motions, including motions to compel, must be filed by this date. |
| November 24, 2026 | 7. | **Dispositive Motions.** Any dispositive motion must be filed by this date. Absent leave for good cause, the parties may file only one motion for summary judgment under Federal Rule of Civil Procedure 56. Successive motions will not be considered. |

| | | |
|---|---|---|
| November 24, 2026 | 8. | *Daubert* **Motions.** Any challenge to the relevance or reliability of expert testimony, including related demonstrative aids and exhibits, must be filed by this date. |
| February 22, 2027 | 9. | **Motions in Limine.** Any motions in limine must be filed by this date. An opposition brief may be filed within seven days of the filing of the motion. No reply briefs may be filed without leave. To be considered via a motion in limine, an issue must meet three criteria: it must be suitable for pretrial determination, incapable of being resolved with a contemporaneous objection, and so prejudicial that a motion to strike or a jury instruction would be insufficient to remedy the harm. All motion based on other issues will be denied, and the issues will be reserved for trial. |
| February 22, 2027 | 10. | **Exchange Joint Pretrial Order.** No later than this date, counsel for plaintiff must serve upon counsel for all other parties the proposed contents of the pretrial order. Within seven days, defense counsel must serve upon counsel for all other parties their inserts, proposed changes, or objections to the pretrial order. |
| March 10, 2027 | 11. | **Conference for Joint Pretrial Order.** No later than this date, counsel for plaintiff must host a conference for all trial counsel to finalize the pretrial order. This meeting should be held in person or by video conference absent leave for good cause. |
| March 17, 2027 | 12. | **Joint Pretrial Order.** The pretrial order must be filed with the Clerk of Court no later than noon on this date. |

| | | |
|---|---|---|
| March 17, 2027 | 13. | **Jury Trial Submissions.** The parties must file a joint set of jury instructions and a joint verdict form. Any party disputing a jury instruction or interrogatory must note the objection and provide a pinpoint citation to supporting authority. |
| | | **Bench Trial Submissions.** Each party must file proposed findings of fact and conclusions of law. Proposed findings of fact must use an outline format, organized by witness and detailing the specific facts to which each will testify. Proposed conclusions of law must state the controlling law, explain how the facts apply to that law, and include pinpoint citation to supporting authority. |
| March 17, 2027 | 14. | **Affirmation of Settlement Discussions.** No later than this date, counsel must meet in person or by video conference to conduct settlement negotiations and file an affirmation with the Clerk of Court identifying the date when the meeting occurred. This affirmation should not disclose any monetary amount discussed. |
| March 17, 2027 | 15. | **Trial Depositions.** All objections to trial depositions must be filed by this date. The objections must include pinpoint citations to supporting authority. Trial depositions must be edited to remove all nonessential material. In jury cases, trial depositions must be video recorded absent leave for good cause. |
| April 5, 2027 | 16. | **Realtime Glossary.** The glossary must be delivered to lawd_realtime@lawd.uscourts.gov. The glossary must contain all "key word indexes" from all depositions taken in the case, all witness lists, |

all exhibit lists, and copies of all expert reports, as well as any other technical, scientific, medical, or otherwise uncommon terms that are likely to be stated on the record during trial. You can find more information here:

https://www.lawd.uscourts.gov/court-reporters-transcripts

**Realtime Transcript Service.** A draft unedited transcript delivered electronically during the proceedings is available upon request to lawd_realtime@lawd.uscourts.gov.

April 12, 2027    17. **Bench Books.** Counsel must prepare two sets of numbered exhibits in a three-ring binder. The exhibits must be organized with an index and tabs. One set must be delivered to chambers and include a copy of the edited trial deposition transcripts. The second book must be placed on the witness stand the morning of trial for use by testifying witnesses. In jury trials, an exhibit book that contains only the admitted exhibits must be provided for use during jury deliberations. After trial, exhibits admitted into evidence must be delivered on a portable storage device, such as a flash drive.

April 29, 2027    18. **Joint Judgment.** After the verdict, counsel must submit a joint proposed judgment. If counsel cannot agree, each party must submit its own and state their objections to the proposed judgment of the opposing party. All objections must include pinpoint citations to supporting authority.

[continued]

5

## OTHER REQUIREMENTS

1.  **Motions to Extend.** The Court disfavors motions to extend deadlines and will grant them only for good cause. A motion to extend must include a statement that the granting of the motion will or will not affect any other deadline or the trial date. Filing a motion to extend a deadline does not, in and of itself, result in an extension of time. Therefore, motions for extension must be filed as soon as possible, but in any event, not later than noon of the day preceding the existing deadline.

2.  **Motions to Continue.** The Court disfavors motions to continue the trial and will grant them only for good cause. No motion to continue the trial because of a previous trial conflict will be considered earlier than the pretrial conference.

3.  **Courtesy Copies**. Counsel must deliver one courtesy copy of all filings, including attachments, to chambers in a paper format. Counsel must deliver an electronic copy of all dispositive motions and related memoranda in .docx format (Microsoft Word) to VanHook_Motions@lawd.uscourts.gov.

4.  **Exhibit Organization and Presentation.** Each exhibit must carry the same unique exhibit (Bates) number throughout the litigation, including motion practice, depositions, and trial. The exhibit number need not be sequential, but they must be unique and consistent as to each exhibit. Each party must present their own exhibits throughout the proceeding, including trial. Counsel must have familiarity with the electronic equipment available in the courtroom for

6

presentation. If unfamiliar, counsel may contact the courtroom deputy for an opportunity to test the equipment.

5.    **Joint Submissions.** Counsel has a duty to notify the Court if, despite a good faith effort, they cannot obtain the cooperation of opposing counsel on joint submissions.

6.    **Consent Trials.** In accordance with 28 U.S.C. § 63(c)-(h), the parties may consent to proceed with a jury or bench trial before a United State Magistrate Judge. Proceeding before a Magistrate Judge makes it more likely the parties will keep their trial date. A consent form (AO-85) is available here: https://www.uscourts.gov/forms-rules/forms.

7.    **Communication with the Court.** Counsel must file a motion to raise a substantive issue or to make a substantive request. Otherwise, counsel may contact the Court at VanHook_Motions@lawd.uscourts.gov. Opposing counsel must be copied on any email communication with the Court.

[continued]

## PRETRIAL ORDER REQUIREMENTS

1. **Jurisdictional Basis.** Explain the factual and statutory basis for jurisdiction on all claims.

2. **Claims and Responses.** Any party asserting a claim must identify the following through pinpoint citation: the law supporting the claim; the remedy sought for each defendant; the law supporting that remedy for each defendant; and application of the facts for each claim and remedy sought. Each party defending against a claim must identify the following through pinpoint citation: the basis or lack thereof for each claim; all affirmative defenses and the legal basis thereof; whether the dispute raises a question of law or fact; and the legal and factual basis supporting these responses. Failure to include any claim or defense in this order will constitute abandonment of that claim or defense.

3. **Issues of Fact and Law.** Identify all issues of fact and law that remain unresolved.

4. **Stipulations.** Identify all matters upon which the parties have stipulated. If a jury trial, state whether the stipulations should be read to the jury.

5. **"Will Call" Witness List.** Identify each witness, including the information as specified in Federal Rule of Civil Procedure 26(a)(3)(A) and a summary of the expected testimony for each witness. Witnesses called solely for impeachment need not be included and any personal identifiers must be redacted.

8

6. **"May Call" Witness List.** Identify each witness, including the information as specified in Federal Rule of Civil Procedure 26(a)(3)(A) and a summary of the expected testimony for each witness. Witnesses called solely for impeachment need not be included and any personal identifiers must be redacted.

7. **Exhibit List.** Identify each exhibit, demonstrative aid, and summary chart, including the information as specified in Federal Rule of Civil Procedure 26(a)(3)(A). Personal identifiers must be redacted.

8. **Objections to Witness and Exhibit Lists.** Each party shall identify its objections, including those specified in Federal Rule of Civil Procedure 26(a)(3)(B), to the witness and exhibit list of another party. Each objection must include a pinpoint citation to supporting authority. Failure to include an objection in this order constitutes waiver of that objection absent a showing of manifest injustice.

 

**DONE AND SIGNED** at Shreveport, Louisiana, this 24th day of April, 2026.

_____
ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE

9